**THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br><br>    Plaintiff/Respondent<br><br>        v.<br><br>**LUIS BADILLO CRUZ**<br><br>    Defendant/Petitioner | Crim. Case. NO. 00-333(PG) |

**ORDER**

　　On April 1, 2014, the petitioner filed a pleading titled "Motion to Modify Pursuant to 28 U.S.C. 1651(a) for Constitutional Violation." See Docket No. 1076. Upon review of the petitioner's claims and without deciding whether the court has jurisdiction to consider the petitioner's averments under 28 U.S.C. §1651(a), All Writs Act, for Constitutional Violation, the Court will DENY the Petition on the following grounds:

　　1.  The petitioner pled guilty to Count One of the Indictment pursuant to a straight plea on February 5, 2001. Subsequently, he was sentenced on April 2, 2002 to 276 months. His direct appeal was denied as well as his petition under 22 U.S.C. §2255.

　　2.  <u>Alleyne v. United States</u>, 133 S.Ct. 2151 (2013) is not applicable to this case since the statute provides a mandatory minimum sentence of 10 years to a maximum of life imprisonment. The amount of cocaine with which the petitioner was charged in the Indictment was at least 50 to 150 kilos, which provides a mandatory minimum of 10 years to life.

　　3.  During the Sentencing Hearing, it was announced to the Court that:

> [T]he parties agree to recommend to the Court the base offense level of 36 holding this defendant accountable to at least 50 but less than 150 kilograms of cocaine, an increase of 2 levels for his leadership role(…) an additional increase of 2 levels due to his possession of firearms during the commission of the offense for a total adjusted base offense level of 40 minus three for timely acceptance, that gives us

     a total adjusted base offense level of 37 and a criminal history category of three.."

See Docket No. 1076-3 at pages 3-4.

     Hence, the United States recommended a sentence of 276 months. Furthermore, at that hearing, the Court addressed the petitioner and specifically asked him if he was aware of "the stipulation that was entered into between your attorney and the attorney for the government as to the sentencing guideline calculations and sentence to be recommended to the court?" To which the petitioner responded: "Yes, sir." See Docket No. 1076-3 at page 4.

     Mindful of the agreement between the parties as to the sentencing guideline calculations, during the imposition of the Sentence the Court stated in part: "The parties have stipulated a sentence of 276 months and furthermore since the defendant is a second offender, then the court will sentence the defendant to that range, that range within the guideline." See Docket No. 1076-3 at page 7.

     The Court thus finds that the petitioner's request is without merit and **DENIES** the motion.

     **IT IS SO ORDERED**

     In San Juan, Puerto Rico, this 11th day of August, 2014.

                                          S/JUAN M. PEREZ-GIMENEZ
                                           JUAN M. PEREZ-GIMENEZ
                                           U.S. DISTRICT JUDGE